# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| JAMES D. VAWTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 4:07-CV-19-JVB-PRC |
| | ) | |
| ALCOA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE PURSUANT TO
## 28 U.S.C. § 636(b)(1)(B)

This matter is before the Court on (1) Plaintiff's Motion for Summary Judgment [DE 30], filed by Plaintiff James D. Vawter on March 3, 2008; (2) Defendant's Motion for Summary Judgment [DE 33], filed by Defendant Alcoa, Inc., on March 3, 2008; (3) Plaintiff's Motion to Strike the Declaration of Michael Colt, and Portions of the Declarations of Jody Koontz and Pamela W. Leonard [DE 38], filed by Plaintiff on April 3, 2008; and (4) Defendant's Motion to Strike [DE 47], filed by Defendant on April 17, 2008.

On September 30, 2008, District Court Judge Joseph Van Bokkelen entered an order [DE 69] referring this case to the undersigned Magistrate Judge for a Report and Recommendation on the instant Motions. Based on the following analysis, the Court recommends to the District Court that (1) Plaintiff's Motion for Summary Judgment [DE 30] be denied; (2) Defendant's Motion for Summary Judgment [DE 33] be granted; (3) Plaintiff's Motion to Strike the Declaration of Michael Colt, and Portions of the Declarations of Jody Koontz and Pamela W. Leonard [DE 38] be denied as moot; and (4) Defendant's Motion to Strike [DE 47], be denied as moot.

## PROCEDURAL BACKGROUND

On March 9, 2007, Plaintiff filed a Complaint in this Court under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), alleging that Defendant discriminated against him by failing to accommodate his religious beliefs when scheduling him for Sunday work. On April 2, 2007, Defendant filed an Answer.

On March 3, 2008, Plaintiff filed a Motion for Summary Judgment and a brief in support. On April 3, 2008, Defendant filed its Response brief to Plaintiff's Motion for Summary Judgment. Plaintiff filed his Reply brief in support of his Motion for Summary Judgment on April 17, 2008. On April 30, 2008, Defendant filed a Surreply in response to Plaintiff's Motion for Summary Judgment.

On March 3, 2008, Defendant filed its Motion for Summary Judgment and a brief in support. Plaintiff filed his Response on April 3, 2008. On April 17, 2008, Defendant filed a Reply brief. On September 8, 2008, the District Court held a telephonic hearing with the parties and ordered the parties to submit supplemental briefs on the issue of whether Plaintiff suffered an adverse employment action. On September 12, 2008, Plaintiff filed his Supplemental Summary Judgment Response Brief on the Issue of Adverse Employment Action. Defendant filed its Response to Plaintiff's Supplemental Response Brief on September 16, 2008. On September 25, 2008, Plaintiff filed his Reply Brief in Support of his Supplemental Summary Judgment Response Brief on the Issue of Adverse Employment Action.

Further, on September 29, 2008, Defendant filed a Notice of New Evidence in Support of Defendant's Motion for Summary Judgment, indicating that Defendant had offered Plaintiff a new accommodation. Plaintiff filed his Response to Defendant's Notice of New Evidence in Support of

Defendant's Motion for Summary Judgment on October 6, 2008. Defendant filed a Reply to Plaintiff's Response to the Notice of New Evidence on October 15, 2008.

On April 3, 2008, Plaintiff filed his Motion to Strike the Declaration of Michael Colt, and Portions of the Declarations of Jody Koontz and Pamela W. Leonard. Defendant filed a Response to Plaintiff's Motion to Strike on April 17, 2008. On April 25, 2008, Plaintiff filed his Reply Brief in support of his Motion to Strike.

On April 17, 2008, Defendant filed a Motion to Strike. Plaintiff filed his Response to Defendant's Motion to Strike on April 25, 2008. Defendant filed its Reply brief in support of its Motion to Strike on May 6, 2008.

On September 30, 2008, the District Court referred this case to the undersigned Magistrate Judge for a Report and Recommendation on the Motions for Summary Judgment and the Motions to Strike.

## MATERIAL FACTS[1]

Plaintiff began his employment with Defendant on January 22, 1996, at Defendant's facility in Lafayette, Indiana. When Plaintiff first began his employment with Defendant, he occasionally worked on Sundays.

Between September and December of 1997, Plaintiff attended a religious course at his church, during which he determined that it was against his religious beliefs to work on Sundays. Because of Plaintiff's work schedule, he may have been required to work on Sundays, which would run contrary to his religious beliefs. Plaintiff first requested a religious accommodation from

---

[1] Only the facts relevant to Plaintiff's ability to establish a prima facie case of religious discrimination for failure to accommodate are set forth.

3

Defendant on October 17, 2005, by speaking to Defendant's Tube Mill Manager, Donald Thomas. Plaintiff requested that he be excused from working on Sundays in the future. Defendant denied this request, claiming that granting such a request would be unmanageable.

After the October 17, 2005 meeting, the Defendant and Plaintiff discussed alternative accommodations, but were unsuccessful at reaching an agreeable accommodation. Plaintiff claims that Defendant did not meet again with Plaintiff until approximately two months after the meeting with Mr. Thomas. In the meantime, on November 21, 2005, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), alleging religious discrimination by failure to accommodate. Defendant and Plaintiff never came to an agreement that Plaintiff could be excused from Sunday work.

During October 2005 and November 2005, Plaintiff was absent from work on six scheduled Sundays, resulting in Plaintiff having to participate in a one-on-one discussion with one of Defendant's supervisors on November 22, 2005.

Under Defendant's Attendance Policies in effect during the relevant time period in this litigation, an employee would generally accrue "events" or "points" for unscheduled absences. An employee who accumulated three or fewer events in a fixed calendar year under the Old Attendance Policy, or who accumulates three points within a rolling 182 calendar day period under the New Attendance Policy, was required to participate in a "one-on-one discussion" with his supervisor. The parties disagree about whether a one-on-one discussion by itself constitutes discipline. A one-on-one discussion is listed by the Defendant on its "Formal Discipline Report" under the heading of "Discipline" and becomes a part of Plaintiff's permanent personnel file. Pl.'s Mot. Summ. J. Ex. 4, P-5.

However, Defendant's written Attendance Policy provides that a one-on-one discussion is conducted prior to the first step of discipline and is intended to notify the employee that further absences may warrant disciplinary action, discuss what is causing the absences, and offer assistance to help the individual avoid formal disciplinary action. Def.'s Mot. Summ. J. Ex. D-8, D-9.

On May 20, 2006, Plaintiff had a one-on-one discussion with a supervisor because of several unexcused Sunday absences in late April and early May. The May 20, 2006 one-on-one discussion was the last such discussion that Plaintiff participated in.

Aside from participating in one-on-one discussions, it is undisputed that Plaintiff was not otherwise disciplined for any absence on any Sunday he was scheduled to work. Plaintiff never received a warning, suspension, termination, or any other formal disciplinary action for any Sunday absence. Plaintiff never lost any wages or benefits, promotional opportunities, work assignments, overtime opportunities, or any other term or condition of employment.

Further, Plaintiff testified at his deposition that he has not actually worked on a Sunday since 1997. Def.'s Mot. Summ. J. Ex. 13 at 78:11-13. When Plaintiff has been scheduled to work on Sunday, he has been able to avoid working on that day by using Family Medical Leave Act ("FMLA") leave so that he could be off to care for his ill mother or by reporting off from work for other reasons.

**SUMMARY JUDGMENT STANDARD**

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. The moving party may discharge its "initial responsibility" by simply "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. When the non-moving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *See id.* at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chi.*, 916 F.2d 1254, 1256 (7th Cir.

1990). However, the moving party, if it chooses, may support its motion for summary judgment with affidavits or other materials and thereby shift to the non-moving party the burden of showing that an issue of material fact exists. *See Kaszuk v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 791 F.2d 548, 558 (7th Cir. 1986); *Bowers v. DeVito*, 686 F.2d 616, 617 (7th Cir. 1982).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(e)(2); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) establishes that the opposing party's "response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the non-moving party must do more than raise some metaphysical doubt as to the material facts; the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*, 477 U.S. at 249-50; *Doe*, 42 F.3d at 443.

7

## ANALYSIS

### A. Motions for Summary Judgment

In their Motions for Summary Judgment, the parties disagree over whether (1) Plaintiff can establish a prima facie case of religious discrimination and (2) whether Defendant failed to provide Plaintiff with a reasonable accommodation. The Court will address the issues in turn.

Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's . . . religion[.]" 42 U.S.C. § 2000e-2(a)(1). Religion includes "all aspects of religious observance and practice, as well as belief." 42 U.S.C. § 2000e(j). A plaintiff alleging religious discrimination under Title VII must first establish a prima facie case. *Anderson v. U.S.F. Logistics (IMC), Inc.*, 274 F.3d 470, 475 (7th Cir. 2001). Particularly, the plaintiff must show that "(1) a bona fide religious practice conflicts with an employment requirement, (2) he or she brought the practice to the employer's attention, and (3) the religious practice was the basis for the adverse employment decision." *EEOC v. United Parcel Serv.*, 94 F.3d 314, 317 (7th Cir. 1996). If the plaintiff establishes a prima facie case, the employer may then respond by either showing that it was unable to provide a reasonable accommodation without an undue hardship, or that it offered a reasonable accommodation which the employee rejected. *Id.* at 318.

In this case, it is undisputed that Plaintiff can establish the first two prongs of his prima facie case.[2] Plaintiff has a bona fide religious practice that conflicts with an employment requirement (a belief that it is against his religion to work on Sundays) and Plaintiff brought the practice to the

---

[2] *See* Def.'s Mot. Summ. J. 6 n. 1 (admitting, for purposes of the motion for summary judgment, that Plaintiff's religious beliefs were bona fide, that they may have conflicted with a work requirement, and that Plaintiff informed Defendant of this purported conflict).

employer's attention (he requested an accommodation on October 17, 2005). However, the parties disagree over whether Plaintiff is able to meet the third prong of his prima facie case by showing that he suffered an adverse employment action because of his religious belief.

Plaintiff alleges that the threat of discipline or discharge is sufficient to constitute an adverse employment action. Plaintiff alleges that the one-on-one discussions he participated in constituted discipline because they presented the threat of future discipline or termination. Particularly, Plaintiff claims that the one-on-one discussions constituted discipline because they were listed as discipline under the "Formal Discipline Report," a one-on-one discussion was part of Plaintiff's progressive discipline policy, a one-on-one discussion is the first step in the policy that ultimately leads to termination, and the "Formal Discipline Report" became a negative part of Plaintiff's permanent personnel file. Accordingly, Plaintiff claims that the one-on-one discussions are the threat of discipline, including termination.

Defendant argues that the one-on-one discussions did not constitute discipline and were actually meant to avoid disciplinary action. Further, Defendant argues that a threat of discipline is insufficient to constitute an adverse employment action in the Seventh Circuit, and even if it was sufficient, Plaintiff has failed to show that he was actually faced with a threat of discipline.

Only acts that result in adverse employment actions are actionable under Title VII. *Oest v. Illinois Dep't of Corr.*, 240 F.3d 605, 612 (7th Cir. 2001). Although the Seventh Circuit has defined adverse employment actions "quite broadly," adverse actions must be materially adverse to be actionable and must be more than a mere inconvenience or alteration of job responsibilities. *Id.* (quoting *Smart v. Ball State Univ.*, 89 F.3d 437, 441 (7th Cir. 1996)). "[A] materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in

9

wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." *Id.* (quoting *Crady v. Liberty Nat'l Bank & Trust Co.*, 993 F.2d 132, 136 (7th Cir. 1993)). An employee's discontent with his employer's conduct or decision is insufficient to support a claim under Title VII. *De la Rama v. Illinois Dep't of Human Servs.*, 541 F.3d 681, 686 (7th Cir. 2008). Rather, at a minimum, the employee must show that there has been a quantitative or qualitative change in the terms or conditions of employment. *Id.* Because adverse actions can come in many different forms, courts consider each situation's particular factual details when analyzing whether an adverse action is material. *Oest*, 240 F.3d at 613.

Evaluating the parties' arguments in light of Seventh Circuit case law reveals that a threat of discipline is not enough to constitute an adverse employment action under Title VII. Even assuming that a one-on-one discussion is in fact part of Defendant's progressive discipline system and is the first step of that system, a one-on-one discussion would not be considered an adverse employment action to satisfy the third prong of Plaintiff's prima facie case.

The Seventh Circuit has held that an oral or written reprimand, given as part of an employer's progressive discipline system, is not considered as implicating a sufficiently "tangible job consequence" to constitute an independent basis of liability under Title VII. *Oest*, 240 F.3d at 613. Even where a reprimand as part of a progressive discipline system brought the employee closer to termination, because termination was not an inevitable consequence of the reprimand, the Seventh Circuit held that the reprimand did not constitute an adverse employment action. *Id.* Further, absent some tangible job consequence accompanying a reprimand, a reprimand cannot be considered an adverse employment action. *Lucas v. Chicago Transit Auth.*, 367 F.3d 714, 731 (7th Cir. 2004).

Here, it is undisputed that Plaintiff never lost any wages or benefits, promotional opportunities, work assignments, overtime opportunities, or any other term, condition, or privilege of employment as a result of the one-on-one discussions. At the discussions, no statement was made indicating that any formal disciplinary action would be taken against Plaintiff resulting from the one-on-one discussions. Further, Plaintiff admits that he has not worked on a Sunday since 1997. Although Plaintiff claims that the one-on-one discussions constituted the first step in Defendant's disciplinary system, ultimately leading to termination, neither termination nor any other disciplinary action was an inevitable consequence of each one-on-one discussion. Rather, Defendant used the discussions to notify Plaintiff that continued absences may warrant discipline, not that disciplinary action was imminently forthcoming.

Further, Defendant's Attendance Policy provides that a one-on-one discussion is conducted prior to the first step of discipline and is intended to notify the employee that further absences may warrant disciplinary action, discuss what is causing the absences, and offer assistance to help the individual avoid formal disciplinary action. Therefore, even if the one-on-one discussions could constitute a threat of disciplinary action, there was still no disciplinary action that was an inevitable consequence of such discussions, and the one-on-one discussions are not adverse employment actions.

Plaintiff relies on a decision from the Northern District of Illinois for the notion that a threat of discharge or other adverse employment action is sufficient penalty to establish the third element of Plaintiff's prima facie case. *Rodriguez v. City of Chicago*, No. 95 C 5371, 1996 WL 22964, *3 (N.D. Ill. Jan. 12, 1996). *Rodriguez* does support Plaintiff's argument; however, that case's holding that a threat of discharge is sufficient to constitute an adverse employment action under the third

prong of Plaintiff's prima facie case was based on Ninth Circuit case law. *Id.* at *3 (relying on *EEOC v. Townley Eng'g & Mfg. Co.,* 859 F.2d 610, 614 n. 5 (9th Cir. 1988)). Since *Rodriguez*, the Seventh Circuit has required more than a mere threat of discipline in order for a plaintiff to show an adverse employment action. *See De la Rama*, 541 F.3d at 686 (holding that employer's recording and preservation of unauthorized absences on employee's record, where plaintiff was not fired or demoted, suffered no financial consequences, and had the same responsibilities, was not an adverse employment action under Title VII); *Whittaker v. N. Illinois Univ.*, 424 F.3d 640, 648 (7th Cir. 2005) (holding that a negative evaluation and written warnings that did not result in any immediate tangible job consequences were not an adverse employment action); *Oest*, 240 F.3d at 613 (holding that a reprimand without inevitable tangible job consequences was not an adverse employment action); *Ribando v. United Airlines, Inc.*, 200 F.3d 507, 511 (7th Cir. 1999) (holding that a letter of concern or counseling, standing alone, was not an adverse employment action).

Additionally, even if one-on-one discussions become a negative part of Plaintiff's permanent personnel file, as Plaintiff claims, this still is insufficient to constitute an adverse employment action. Negative performance evaluations, standing alone, are not cognizable adverse employment actions. *De la Rama*, 541 F.3d at 686. Rather, an employee needs to show that some tangible employment action accompanied the negative evaluation; otherwise, every reprimand or attempt to counsel an employee would form the basis of a federal suit. *Lucas*, 367 F.3d at 731.

Accordingly, Plaintiff has failed to show that he suffered an adverse employment action under Seventh Circuit case law. This Court finds that no genuine issue of material fact exists as to whether Plaintiff suffered an adverse employment action sufficient to satisfy the third prong of a

prong of Plaintiff's prima facie case was based on Ninth Circuit case law. *Id.* at *3 (relying on *EEOC v. Townley Eng'g & Mfg. Co.,* 859 F.2d 610, 614 n. 5 (9th Cir. 1988)). Since *Rodriguez*, the Seventh Circuit has required more than a mere threat of discipline in order for a plaintiff to show an adverse employment action. *See De la Rama*, 541 F.3d at 686 (holding that employer's recording and preservation of unauthorized absences on employee's record, where plaintiff was not fired or demoted, suffered no financial consequences, and had the same responsibilities, was not an adverse employment action under Title VII); *Whittaker v. N. Illinois Univ.*, 424 F.3d 640, 648 (7th Cir. 2005) (holding that a negative evaluation and written warnings that did not result in any immediate tangible job consequences were not an adverse employment action); *Oest*, 240 F.3d at 613 (holding that a reprimand without inevitable tangible job consequences was not an adverse employment action); *Ribando v. United Airlines, Inc.*, 200 F.3d 507, 511 (7th Cir. 1999) (holding that a letter of concern or counseling, standing alone, was not an adverse employment action).

Additionally, even if one-on-one discussions become a negative part of Plaintiff's permanent personnel file, as Plaintiff claims, this still is insufficient to constitute an adverse employment action. Negative performance evaluations, standing alone, are not cognizable adverse employment actions. *De la Rama*, 541 F.3d at 686. Rather, an employee needs to show that some tangible employment action accompanied the negative evaluation; otherwise, every reprimand or attempt to counsel an employee would form the basis of a federal suit. *Lucas*, 367 F.3d at 731.

Accordingly, Plaintiff has failed to show that he suffered an adverse employment action under Seventh Circuit case law. This Court finds that no genuine issue of material fact exists as to whether Plaintiff suffered an adverse employment action sufficient to satisfy the third prong of a

prima facie case.[3]  Therefore, the Court recommends that Defendant's Motion for Summary Judgment be granted and Plaintiff's Motion for Summary Judgment be denied.

Because the Court has determined that Plaintiff fails to establish a prima facie case of religious discrimination by failure to accommodate, the Court need not address whether Defendant offered Plaintiff a reasonable accommodation.

**B. Motions to Strike**

Plaintiff filed a Motion to Strike the Declaration of Michael Colt, and Portions of the Declarations of Jody Koontz and Pamela W. Leonard, seeking to strike portions of the declarations of Ms. Koontz and Ms. Leonard related to certain statements that Plaintiff claims are hearsay, as well as certain exhibits to the declarations.  Further, Defendant filed a Motion to Strike in which it seeks to strike the EEOC Determination regarding whether Defendant could have accommodated Plaintiff without incurring any undue hardship.  Having reviewed the documents, exhibits, and portions of declarations that the parties seek to strike, the Court has determined that none of the items are related to Plaintiff's ability to establish his prima facie case of religious discrimination.  Rather, the items relate to the issue of reasonable accommodation.  Accordingly, because the Court recommends that summary judgment be granted in favor of the Defendant and against Plaintiff, based on Plaintiff's failure to raise any genuine issue of material fact regarding Plaintiff's prima facie case of religious discrimination, the Court need not reach the issue of reasonable

---

[3] Plaintiff further argues that he was required to use FMLA leave to avoid unexcused absences and, presumably, potential discipline.  However, the record does not support that Defendant ever required Plaintiff to do so.  Additionally, Plaintiff admits that he took such leave to take care of his mother.

accommodation. Accordingly, the Court recommends that the District Court deny as moot both Motions to Strike.

## CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the District Court:

(1) **GRANT** Defendant's Motion for Summary Judgment[4] [DE 33] because of Plaintiff's failure to raise any genuine issue of material fact regarding whether Plaintiff suffered an adverse employment action to support his prima facie case of religious discrimination;

(2) **DENY** Plaintiff's Motion for Summary Judgment [DE 30];

(3) **DENY as moot** Plaintiff's Motion to Strike the Declaration of Michael Colt, and Portions of the Declarations of Jody Koontz and Pamela W. Leonard [DE 38]; and

(4) **DENY as moot** Defendant's Motion to Strike [DE 47].

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(B). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have ten (10) days after being served with a copy of this Report and Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

---

[4] Defendant also requests that the Court award its costs incurred in defending this action. While the Court does not address that issue at this time, Defendant may proceed pursuant to Federal Rule of Civil Procedure 54(d) to obtain its requested costs.

So ORDERED this 21st day of October, 2008.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record